# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 9, 2012

## ANTHONY L. WASHINGTON v. DWIGHT BARBEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 6592    Joseph Walker, Judge**

**No. W2012-01888-CCA-R3-HC  -  Filed May 16, 2013**

Petitioner *pro se* appeals the Lauderdale County Circuit Court's denial of his petition for *habeas corpus*.  The petitioner contends that his conviction for first degree (felony) murder is void because of a defect in his indictment.  This issue was previously adjudicated in one of the petitioner's prior petitions for *habeas corpus*, and this court is bound by the result reached in the prior case.  The judgment of the *habeas corpus* court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and JEFFREY S. BIVINS, JJ., joined.

Anthony L. Washington, *pro se*, appellant.

Robert E. Cooper, Jr., Attorney General and Reporter and Jeffrey D. Zentner, Assistant Attorney General, for the appellee, Dwight Barbee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

In October of 1995, the petitioner pled guilty to first degree (felony) murder and especially aggravated robbery.  He was sentenced to life in prison for the murder and to a concurrent twenty-five years for the robbery.

Between 2002 and 2004, the petitioner filed a brace of *habeas corpus* petitions, one of which alleged that his felony murder conviction was void because the word "robbery" had been handwritten on his indictment.  Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals, this court affirmed the judgment of the *habeas corpus* court summarily

dismissing the petition. *See Anthony L. Washington v. State of Tennessee*, No. M2004-00982-CCA-R3-HC (Tenn. Crim. App. Jan. 5, 2005).

On August 10, 2012, the petitioner filed the present petition for *habeas corpus*, alleging that his indictment for felony murder was fatally defective because it failed to include all of the essential elements of the offense charged. On August 21, 2012, the *habeas corpus* court entered an order denying the petition. A timely notice of appeal was filed. We proceed to consider the petitioner's claims.

## ANALYSIS

This court has previously examined the issue of whether the defendant's indictment was so defective on its face that it failed to confer jurisdiction upon the trial court. *See id.* In denying the petitioner's second petition for *habeas corpus*, this court expressly held that "it is clear the indictment is sufficient to vest jurisdiction in the convicting court."

Pursuant to the "law of the case" doctrine, an appellate court is generally without authority to reconsider issues that have been decided in a prior appeal; "issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited." *State v. Jefferson*, 31 S.W.3d 558, 561 (Tenn. 2000) (*citing Memphis Publ'g Co. v. Tennessee Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998)). The law of the case doctrine generally serves to "promote[] the finality and efficiency of the judicial process, avoid[] indefinite relitigation of the same issue, foster[] consistent results in the same litigation, and assure[] the obedience of lower courts to the decisions of appellate courts." *Id.*

While the petitioner now advances an apparently new theory under which his indictment should be deemed fatally defective, his claim is the same: that his felony murder indictment was so defective on its face that it failed to confer jurisdiction on the trial court, thus rendering his conviction void. This court's prior decision concerning this matter is binding and disposes of the petitioner's claim for relief on appeal.

## CONCLUSION

For the foregoing reasons, the judgment of the *habeas corpus* court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE